**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| STERNE KESSLER GOLDSTEIN & FOX, PLLC, | ) | |
| Plaintiff, | ) | Civil Action No. 25-cv-00943-LKG |
| v. | ) | Dated: September 4, 2026 |
| PHYTO TECH CORP., | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

## I. INTRODUCTION

In this civil action, the Plaintiff, Sterne Kessler Goldstein & Fox, PLLC, brings a breach of contract claim against the Defendant, Phyto Tech Corp., arising from promissory note that the parties entered to pay for certain legal services provided by the Plaintiff. On January 29, 2026, the Plaintiff filed a motion for default judgment. ECF No. 16. Phyto Tech Corp. has not responded to the motion. *See* Dkt. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS-in-PART** and **DENIES-in-PART WITHOUT PREJUDICE** the Plaintiff's motion for default judgment (ECF No. 16); (2) **ENTERS** judgment in favor of the Plaintiff and against Phyto Tech Corp. in the amount of **$600,921.39**, plus pre-judgment interest at the contractual rate of 6% per annum accruing from August 8, 2023, until the date of judgment, plus post-judgment interest at the legal rate.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In this civil action, the Plaintiff brings a breach of contract claim against Phyto Tech Corp., arising from a promissory note that the parties entered into to pay outstanding fees owed to the Plaintiff for certain legal services provided to Phyto Tech Corp. ECF No. 1.

[1] The facts recited in this memorandum opinion are taken from the complaint, the waiver of summons, the Plaintiffs' motion for Clerk's entry of default, the Clerk of the Court's entry of default, the Plaintiffs' motion for default judgment and the declarations in support thereof. ECF Nos. 1, 11, 13, 14, 16, 16-1, 17, 17-1, 18 and 18-1.

Specifically, the Plaintiff alleges in the complaint that it entered into a promissory note, in the amount of $600,921.39 (the "Promissory Note"), with Phyto Tech Corp., for past due legal services, and that Phyto Tech Corp. breached the Promissory Note by failing to make the payments required under that agreement. *See generally id.* And so, the Plaintiff seeks to recover **$600,921.39**, plus interest in the amount of **$89,397.35**, attorneys' fees in the amount of **$20,955.20**, and costs in the amount of **$1,581.36,** from Phyto Tech Corp. *Id.* at Prayer for Relief; *see also* ECF Nos. 17-1 at 1 and 18-1 at 3.

<u>The Parties</u>

Plaintiff Sterne Kessler Goldstein & Fox, PLLC is a Washington, DC professional limited liability company, that has its principal place of business located in Washington, DC. ECF No. 1 at ¶ 1.

Defendant Phyo Tech Corp. is a California corporation, that has its principal place of business in Santa Margarita, California. *Id.* at ¶ 2.

<u>The Plaintiff's Work For Phyo Tech Corp.</u>

As background, the Plaintiff alleges in the complaint that, or about November 2, 2020, Phyto Tech Corp. engaged it to perform patent legal services. ECF No. 1 at ¶ 5; *see also* ECF No.1-1 (copy of the Engagement Agreement for professional services). In connection with this work, the Plaintiff, among other things, prepared, filed and prosecuted domestic and international patent applications for Phyo Tech Corp.'s businesses. *Id.* at ¶ 6. And so, the Plaintiff alleges that it "regularly performed its work for [Phyto Tech Corp.] with the requisite required skill and without incident or complaint during the time it was engaged by Defendant." *Id.* at ¶ 7.

The Plaintiff also alleges that, at some point, Phyo Tech Corp. ceased making timely payments to it for these legal services. *Id.* at ¶ 8. And so, on August 8, 2023, the Plaintiff and Phyo Tech Corp. entered into the Promissory Note, in the amount of $600,921.39, for past services due. *Id.* at ¶ 9; *see also* ECF No. 1-2 (copy of the Promissory Note.)

<u>The Promissory Note</u>

The Promissory Note, which is attached as an exhibit to the complaint, is dated August 8, 2023, and signed by Min Wang Chen on behalf of Phyo Tech Corp.[2] Paragraph 1 of the Promissory Note provides that Phyto Tech Corp. "shall pay to [the Plaintiff] . . . ($600,921.39), plus interest thereon at the rate of 6%, in accordance with the schedule

[2] The Court observes that the copy of the Promissory Note provided by the Plaintiff is not signed by a representative of the Plaintiff. ECF No. 1-3 at 3.

attached hereto as **Exhibit A**." ECF No. 1-2 at 1. In this regard, Exhibit A to the Promissory Note provides that Phyo Tech Corp. would make four monthly payments to the Plaintiff, in the amount of $152,000.00, beginning on September 30, 2023, and a final payment of $152,455.04 on December 31, 2023. *Id*. at 3.

In addition, Paragraph 2 of the Promissory Note addresses "default," and provides that "there is no grace period associated with the payment obligations hereunder, and it is [Phyo Tech Corp.'s] responsibility to ensure timely delivery of payments required by this Promissory Note. *Id*. Lastly, Paragraph 3 of the Promissory Note addresses "remedies" and provides, in relevant part, that:

> Upon Default, at the option of [the Plaintiff], the Principal Sum due and owing at the time of Default and all amounts payable by [ Phyo Tech Corp.] under the terms this Note 9including accrued and unpaid interest at the time of Default) shall immediately become due and payable by [the Plaintiff]. . . In addition, in the event of Default, [Phyo Tech Corp.] agrees to pay all cost and reasonable attorney's fees incurred by [the Plaintiff] in connection with the enforcement of this Note, to include reasonable attorney's fees and costs incurred in post judgment collection proceedings.

*Id*.

The Plaintiff alleges that the Promissory Note allowed the parties to continue working together and resulted in its forbearance in the collection of the outstanding legal fees at issue in this case. ECF No. 1 at ¶10. But the Plaintiff also alleges that Phyo Tech Corp. "failed and refused to pay all amounts due" under the Promissory Note. *Id*. at ¶14. And so, the Plaintiff declared Phyo Tech Corp. in default of the Promissory Note and terminated its services with the Defendant. *Id*.

Given this, the Plaintiff alleges that Phyto Tech Corp. defaulted under the terms of the Promissory Note, by failing to the make payments required by that agreement. *Id*. at ¶ 15. The Plaintiff also alleges that, to date, no payments have been made on the $600,921.39 due under the Promissory Note. *Id*. at ¶ 16. And so, the Plaintiff contends that the amount due under the Promissory Note is $600,921.39, for work performed prior to July 31, 2023. *Id*. at ¶ 19.

<u>The Evidence Before The Court</u>

To support its motion for default judgment, the Plaintiff has submitted the sworn affidavit of Peter A. Rynberk, the Billing and Collections Manager and Agent of Sterne Kessler Goldstein & Fox, PLLC. ECF No. 17 at ¶ 1. In his affidavit, Mr. Rynberk represents

to the Court that the Plaintiff performed legal work for Phyo Tech Corp., and as a result of Phyto Tech Corp. not making the requisite payments for these legal services, the Plaintiff and Phyo Tech Corp. entered into the Promissory Note to satisfy the outstanding payments. *Id.* at ¶¶ 3–4. Mr. Rynberk also represents to the Court that Phyto Tech Corp. did not make any payment under the Promissory Note. *Id.* at ¶ 11.

In addition, Mr. Rynberk attaches the following documents to his affidavit: (1) the letter of engagement between the Plaintiff and Phyto Tech Corp. (ECF No. 1-1); (2) the Promissory Note (ECF No.1-2); (3) the Plaintiff's statement of accounts regarding Phyto Tech Corp. (ECF No. 1-3); and (4) an interest calculation worksheet (ECF No. 17-1).

The letter of engagement is signed by Patricia Hoyle, Esq., Vice President and Director of Intellectual property for Phyto Tech Corp. and this letter provides, in relevant part, that:

> This letter confirms our understanding of the services that [the Plaintiff] will provide for [the Defendant]. . . . [The Plaintiff's] representation will involve representing [the Defendant] in intellectual property matters . . . [and u]nless otherwise agreed to in writing, [the Plaintiff's] fees for this service will be based on the actual time spent at [the Plaintiff's] standard hourly rates . . . .

ECF No. 1-1 at 1–2. *Id.* at 1 and 5. In addition, the interest worksheet shows that $89,397.35 in interest has accrued, as of January 29, 2026, based on the principal amount of $600,021.39 with a 6% interest. ECF No. 17-1 at 1.

<u>Attorney's Fees And Costs</u>

Lastly, the Plaintiff seeks to recover attorney's fees in the amount of **$20,955.20**, and costs in the amount of **$1,581.36**, in connection with this litigation. ECF No. 1 at Prayer for Relief; ECF No. 18-1 at 3. In this regard, the Plaintiff alleges that:

> [It] has contracted with counsel for collection matters based upon a 10% reduced hourly fee on all amounts billed, plus a 10% bonus on all amounts collected. In the event the matter proceeds to the answer to the complaint, [Plaintiff's] counsel may elect to proceed based upon a contingent fee 33% on all amounts recovered. It is requested that this Court award it its costs according to proof, and if the case proceeds past an answer to the Complaint, a 33% reasonable attorney's fee.

ECF No. 1. at ¶ 22; *see also* ECF No. 1-4 (copy of the engagement agreement).

To support these requests, the Plaintiff has submitted a declaration from its counsel, Thomas J. Powell, Esq., in which Mr. Powell represents to the Court that: (1) he and Niall D. McMillan, Esq. worked on this matter; (2) he has practiced law for more than 30 years and has a billable rate of $595.00 per hour; (3) Mr. McMillan has practiced law for four years and

has a billable rate of $400.00 per hour; (4) the Plaintiff has incurred $1,581.36 in costs, including a filing fee and service of process costs; and (5) that the billing records attached to his declaration are true and correct to the best of his knowledge. ECF No. 18 at 2–3.

Mr. Powell also attaches the relevant billing records to his declaration, which show reflect that these attorneys and another individual, Victoria Taylor, billed a total of **56.3** hours in connection with this case and incurred legal fees in the amount of **$20,955.20**. ECF No. 18-1. These billing records also show that the Plaintiff's incurred litigation costs in the amount of **$1,581.36**. *Id*. And so, the Plaintiffs also seek to recover these fees and costs. ECF No. 16.

### B. Relevant Procedural Background

The Plaintiff commenced this civil action on March 21, 2025. ECF No. 1. On May 12, Phyto Tech Corp. executed a waiver of service of process. ECF No. 11.

After Phyto Tech Corp. failed to answer, or otherwise respond to, the complaint, the Plaintiff filed a motion for Clerk's entry of default (ECF No. 13) on July 17, 2025, which the Clerk of the Court granted on December 2, 2025. ECF No. 14.

On January 29, 2026, the Plaintiff filed the pending motion for default judgment, pursuant to Fed. R. Civ. P. 55(b)(2). ECF No. 16. To date, Phyto Tech Corp. has not answered, or otherwise responded to, the complaint, or defended this civil action. *See* Dkt.

## III. LEGAL STANDARD

### A. Fed. R. Civ. P. 55

Federal Rule of Civil Procedure 55 governs default judgments entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Court may enter default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). Although courts maintain "a strong policy that cases be decided on the merits," *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment is appropriate when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

In deciding whether to grant default judgment, the Court takes as true the well-pleaded factual allegations of the complaint, other than those pertaining to damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

The Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in this context. *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). And so, where a complaint avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment. *Russell v. Railey*, No. 8-2468, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g.*, *Balt. Line Handling Co.*, 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

**B. Breach Of Contract**

To prevail on a claim for breach of contract under Maryland law, a plaintiff must show: (1) that the Defendant owed the plaintiff a contractual obligation and (2) that the defendant materially breached that obligation. *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (2001); *Allstate Ins. Co. v. Warns*, No. 11-1846, 2012 WL 681792, at *10 (D. Md. Feb. 29, 2012). Put differently, the elements of a breach of contract claim are a "contractual obligation, breach, and damages." *Class Produce Grp., LLC v. Harleysville Worcester Ins. Co.*, No. 16-3431, 2018 WL 1471682, at *8 (D. Md. Mar. 23, 2018) (quoting *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 655 (D. Md. 2015)). And so, where the parties' agreement is clear and unambiguous, the Court gives effect to the plain language of the agreement and does not look beyond its four corners. *Bd. of Trustees of State Colleges v. Sherman*, 280 Md. 373, 380 (1977).

Damages for a breach of contract ordinarily place the non-breaching party in as good a position as it would have occupied had the contract been performed. *Kent MCAP Holdings LP v. Leadtec Servs., Inc.*, No. 334, 2024 WL 3318181, at *11 (Md. App. Ct. July 2, 2024) (quoting *Beard v. S/E Joint Venture*, 581 A.2d 1275, 1278 (Md. 1990)). And so, the plaintiff bears the burden of establishing its damages "with reasonable certainty," *Allstate Ins. Co. v. Warns*, No. 11-1846, 2013 WL 6036694, at *8 (D. Md. Nov. 12, 2013), though a plaintiff who proves a breach but falls short on proof of damages is nonetheless entitled to recover nominal damages. *PFB, LLC v. Trabich*, 304 F. App'x 227, 228 (4th Cir. 2008) (per curiam).

**C. Attorney's Fees**

Lastly, the United States Court of Appeals for the Fourth Circuit has recognized "two main methods for calculating the reasonableness of attorney's fees—the lodestar method and the percentage-of-recovery method," and a "district court may choose the method it deems appropriate based on its judgment and the facts of the case." *McAdams v. Robinson*, 26 F.4th 149, 162 (4th Cir. 2022). The lodestar amount is "a reasonable hourly rate multiplied by

hours reasonably expended." *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (internal quotation omitted). In this regard, the Court has held that an hourly rate is reasonable when it is "in line with 'prevailing market rates in the relevant community' for the type of work for which [the attorney] seeks an award." *Aldmyr Sys., Inc. v. Friedman*, 215 F. Supp. 3d 440, 468 (D. Md. 2016) (quoting *Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987)). The Court uses the Fitzpatrick Matrix as a guide to determine the reasonableness of requested attorney's fees. L.R. App. B. (D. Md. 2025).

To ascertain what is reasonable in terms in terms of hours expended and the rate charged, the Court is bound to apply the following factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), and adopted by the United States Court of Appeals for the Fourth Circuit in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243-244 (quoting *Barber v. Kimbrell's In*c., 577 F.2d 216, 226 n. 28 (4th Cir. 1978)). The Court is not required to analyze each factor individually, or even examine every factor, but the Court may instead consider the factors as a whole. *Martin v. Mecklenburg Cnty*., 151 Fed. App'x. 275, 283 (4th Cir. 2005). In addition, a prevailing party may also seek to recover costs, and such costs may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988). And so, this Court has held that the cost of service of process and filing fees are reimbursable. *Butler v. PP&G, Inc.*, No. 20-3084, 2023 WL 6517593, at *4 (D. Md. Oct. 5, 2023).

## IV. ANALYSIS

### A. The Plaintiff Has Established The Existence Of A Contract And That Phyto Tech Corp. Materially Breached The Promissory Note

As an initial matter, the Court is satisfied that the well-pleaded factual allegations in the complaint, taken as true, establish that Phyto Tech Corp. is liable to the Plaintiff for breach of the Promissory Note. To prevail on its breach of contract claim, the Plaintiff must show that Phyto Tech Corp. owed it a contractual obligation and that Phyto Tech Corp. materially breached that obligation. *Taylor*, 365 Md. at 175. In this case, the factual allegations in the complaint, which in incorporate the Promissory Note, show that the Plaintiff and Phyto Tech Corp. entered into a Promissory Note, on or about August 8, 2023, and that Phyto Tech Corp. agreed to pay the Plaintiff $600,921.39 for past legal services, plus interest at a rate of 6% per annum. ECF No. 1-2 at 1. The payment schedule attached to the Promissory Note also shows that Phyto Tech Corp. Agreed to make this payment in four monthly instalment payments, to be made between September 30, 2023, and December 31, 2023. ECF No. 1 at ¶¶ 8–11; ECF No. 1-2 at 1, 3.

The Court also observes that the copy of the Promissory Note provided to the Court is signed by Min Wang Chen on behalf of Phyo Tech Corp. and that Mr. Rynberk states in his sworn declaration to the Court that the Plaintiff also entered into this agreement. ECF No. 1-2 at 2; ECF No. 17 at ¶ 4. Given this, the Court is satisfied that the Plaintiffs have shown that eh parties entered into a valid and enforceable contract. *Taylor*, 365 Md. at 175.

The Plaintiff has also shown that Phyo Tech Corp. materially breached the Promissory Note by failing to make the payments required by that agreement. The Plaintiff alleges in the complaint that that Phyto Tech Corp. failed to make any of the payments required under the Promissory Note, and that Phyto Tech Corp. has not paid any portion of the $600,921.39 principal sum owed. ECF No. 1 at ¶ 14. Phyto Tech Corp.'s failure to make these payments is also attested to in Mr. Rynberk's sworn declaration. ECF No. 17 at ¶¶ 11–12. Given this, the Court accepts as true the Plaintiff's well-plead allegation that Phyto Tech Corp. has failed to make the payments required under the Promissory Note, without legal excuse.

The evidence before the Court also makes clear that this failure constitutes a default under the Promissory Note, that entitles the Plaintiff to recover its outstanding legal fees, interest, attorney's fees and costs. In this regard, Paragraph 2 of the Promissory Note addresses "default," and provides that "there is no grace period associated with the payment obligations hereunder, and it is [Phyo Tech Corp.'s] responsibility to ensure timely delivery

of payments required by this Promissory Note. *Id*. And so, the Plaintiff has shown that Phyto Tech Corp. breached the Promissory Note.

**B. The Plaintiff Is Entitled To Recover The Amount Due Under The Promissory Note, Plus Interest, Attorney's Fees And Costs**

The Plaintiff has also show that it is entitled to recover the principal sum due under the Promissory Note, plus interest, reasonable attorney's fees and costs from Phyto Tech Corp. In this regard, Paragraph 3 of the Promissory Note addresses "remedies" and provides, in relevant part, that:

> Upon Default, at the option of [the Plaintiff], the Principal Sum due and owing at the time of Default and *all amounts payable by [ Phyo Tech Corp.] under the terms this Note (including accrued and unpaid interest at the time of Default)* shall immediately become due and payable by [the Plaintiff]. . . In addition, in the event of Default, [Phyo Tech Corp.] *agrees to pay all cost and reasonable attorney's fees incurred by [the Plaintiff]* in connection with the enforcement of this Note, to include reasonable attorney's fees and costs incurred in post judgment collection proceedings.

*Id*. (emphasis supplied). The Court reads this language to allow the Plaintiff to recover its outstanding legal fees in the amount of $600,921.39, plus interest, as well as its reasonable attorney's fees and costs incurred in connection with this litigation. And so, the Plaintiff may recover these fees and costs in this litigation.

In this regard, the plain language of the Promissory Note makes clear that the principal sum due under this agreement is $600,921.39. ECF No. 1-2 at 1. And so, the Plaintiffs have shown that they are entitled to recover this sum from Phyto Tech Corp. The Promissory Note also makes clear that that Plaintiffs may recover the accrued interest on this principal sum, at a rate of 6% per annum beginning on August 8, 2023. *Id.* In its interest worksheet, the Plaintiff's reasonably calculates the amount of this interest as of January 29, 2026, to be $89,397.35. ECF No. 17-1 at 1. And so, the Plaintiff has also shown that it is entitled to recover interest in at least this amount from Phyto Tech Corp.

**C. The Plaintiff Has Not Shown That The Requested Attorney's Fees And Costs Are Reasonable**

The Plaintiff has not, however, met its burden to show that the requested attorney's fees and costs in this case are reasonable. To determining whether the attorney's fees requested in this case are reasonable, the Court first determines the lodestar figure by multiplying the number of reasonable hours expended times a reasonable hourly rate. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). The Plaintiff has the burden of

producing evidence establishing the reasonableness of the hourly rate and the reasonableness of the requested hours. *Id.* at 91; *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009); *Marsh v. Bottoms Up Gentlemen's Club, LLC*, No. 23-1157, 2025 WL 2049980, at *8 (D. Md. July 22, 2025).

In determining whether the hours expended by counsel and the hourly rate charged in this case are reasonable, the Court must consider the following 12 factors set forth in *Johnson v. Ga. Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), and adopted by the Fourth Circuit in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243-44 (quoting *Barber*, 577 F.2d at 226 n.28). But the Plaintiff has not made any representations to the Court to explain why these factors support awarding the attorney's fees requested in this case. *See generally* ECF No. 18 and 18-1; *see also* Dkt. Nor has the Plaintiff provided a breakdown of the hours worked by each attorney on this case or addressed its request to recover fees for work performed on this case by Victoria Taylor and Ericka Sanchez. *See generally* ECF No. 18 and 18-1.

A review of the billing records provided to the Court by the Plaintiff also appear to seek some fees for purely administrative tasks, although "fees for time spent on purely administrative work, regardless of who performs that work, are not recoverable." *Butler v. PP&G, Inc.*, No. CV 20-3084-JRR, 2023 WL 6517593, at *4 (D. Md. Oct. 5, 2023) (citation omitted); *see also* ECF No. 18-1. In addition, it appears that the Plaintiff seeks to recover some attorney's fees for work performed for other cases. *See generally* ECF No. 18-1.

Given this, the Plaintiff has not shown that it is entitled to recover the attorney's fees that it seeks in this case. And so, the Court must DENY this aspect of the Plaintiff's motion for default judgment. *See* L.R. App'x B.1 (D. Md. 2025). Because the Plaintiff may be able to remedy these deficiencies, the Court does so WITHOUT PREJUDICE to the Plaintiff to renew its request for attorney's fees.

Lastly, the Plaintiff has also not shown that the litigation costs that it seeks are reasonable. It is well-established that a prevailing party may recover costs for "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988). Here, the Plaintiffs seek to recover costs in the amount of 1,581.36. ECF No. 18 at ¶ 8. But the billing records submitted to the Court to support this requests appear to show costs in the amount of $1,115.00, consisting of the $405.00 filling fee and $710.00 for service of process. *See* ECF No. 18-1 at 3. Given this, the Court is not able to determine the requested costs are reasonable. And so, the Court also DENIES this aspect of the Plaintiff's motion WITHOUT PREJUDICE.

**D. The Plaintiff Is Entitled To A Default Judgment**

Having determine that the Plaintiff has shown that Phyto Tech Corp.is liable to it for breaching the Promissory Note and that the Plaintiff may recover the principal sum under the Promissory Note, plus interest and its reasonable attorney's fees and costs, the Court considers as a final matter whether the Plaintiff is entitled to a default judgment awarding this relief. Pursuant to Fed. R. Civ. P. 55, the court may enter a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). And so, a default judgment is appropriate when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). This standard has been met here.

The litigation history for this case shows that Plaintiff commenced this civil action on March 21, 2025, and that Phyto Tech Corp. executed a waiver of service of process on May 12. ECF No. 1; ECF No. 11. The litigation history also makes clear that, thereafter, Phyto Tech Corp. failed to answer, or otherwise respond to, the complaint. *See* Dkt. And so, the Plaintiff filed a motion for Clerk's entry of default (ECF No. 13) on July 17, 2025, which the Clerk of the Court granted on December 2, 2025. ECF No. 14.

Phyto Tech Corp. also failed to respond to the Clerk's entry of default. *See generally* Dkt. And so, on January 29, 2026, the Plaintiff filed the pending motion for default judgment, pursuant to Fed. R. Civ. P. 55(b)(2). ECF No. 16.

To date, approximately 18 months have elapsed since this litigation commenced and Phyto Tech Corp. has neither responded to the complaint, nor defended this civil action. *See* Dkt. Given this, the Plaintiff has that entry of a default judgment against Phyto Tech Corp. is warranted in this case. Fed. R. Civ. P. 55.

## V. CONCLUSION

In light of the foregoing, the Court:

(1) **GRANTS-in-PART** and **DENIES-in-PART WITHOUT PREJUDICE** the Plaintiff's motion for default judgment (ECF No. 16);

(2) **ENTERS JUDGMENT** in favor of the Plaintiff, Sterne Kessler Goldstein & Fox, PLLC, and against the Defendant, Phyto Tech Corp., in the principal amount of **$600,921.39**, plus pre-judgment interest at the rate of 6% per annum ($98.78 per diem) accruing from August 8, 2023, until the date of this judgment, plus post-judgment interest at the legal rate;

A separate Order shall be issued.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge